IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LLOYD ADAMS,

                        Plaintiff,

     v.                              CASE NO. 05-3210-SAC

JOSEPH NEUBAUER, et al.,

                        Defendants.


**O R D E R**

     This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).  Plaintiff has paid a partial fee, and his motion for leave to proceed in forma pauperis (Doc. 2) shall be granted.[1]

     Since plaintiff's complaint was filed pro se, it is held "to less stringent standards than formal pleadings drafted by lawyers."  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Nevertheless, a pro se complaint, like any other, must present

---

[1] Plaintiff is advised he remains obligated to pay the balance of the statutory filing fee of $250.00 in this action through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).  The Finance Office of the facility where he is incarcerated is directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse finds from his account.

a claim upon which relief can be granted by the court. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

Plaintiff sues numerous defendants including the Kansas Secretary of Corrections, the Warden at EDCF, and Aramark Correctional Services, Inc. (hereinafter Aramark). He asks the court to certify a class of all inmates currently confined in the Kansas Department of Corrections (KDOC) who have been and will be deprived of "true wages." Plaintiff also requests appointment of counsel in the body of his complaint.

Appointment of counsel is within the court's discretion. At this juncture, the court does not find adequate reasons for appointment of counsel or certification of a class. Plaintiff may, at a later time, file motions for class certification and/or appointment of counsel, which will be considered by the

court.

Plaintiff complains that he and other inmates working for Aramark are receiving 40 to 60 cents per hour rather than minimum wage. He asserts Aramark is required by the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, et seq., to pay minimum wage. He alleges either Aramark pays less than required by the FLSA, or has paid the proper amount to the "EDCF/KDOC" who has "distributed less than FLSA requires" to the inmate workers. He cites the FLSA, Kansas regulations[2], civil rights statutes and constitutional provisions as legal authority for his claim. He seeks declaratory, injunctive, and monetary relief including back pay with interest.

As factual support, plaintiff alleges he began working

---

[2]

> Plaintiff cites K.A.R. 44-7-108(a) as providing for establishment of a program:
> ... whereby inmates having minimum or medium security classification may work at paid employment for a private industry or other business approved by the Secretary. The program shall be referred to as nonprison employment. The program shall be distinct from any program of employment of inmates by private business which is leasing space on the premises of the correctional facility. No inmate shall be engaged in the nonprison employment program unless minimum wage is paid. Minimum wage shall be state minimum wage unless federal contracts are involved. . . .

However, plaintiff does not allege facts indicating that Aramark is a nonprison employment program covered by this regulation. Plaintiff's exhibit of the Warden's response to his administrative grievance at EDCF provides to the contrary:

> Employment in food service as a job assignment in this correctional facility does not constitute private prison based employment. Private prison-based and private non-prison based industry employment programs are defined, and their parameters are explained in IMPP 10-128. Compensation for private industry jobs is commensurate with the prevailing wage in the local job market, but never less than the Federal minimum wage in accordance with the FLSA.
> As a food service worker you were given a work assignment. That work assignment and compensation are governed by IMPP 10-109 (Inmate Work Assignments).

3

for Aramark on September 11, 2002.  He states that Aramark contracts with KDOC and EDCF.  He also states that in 2004 he asked his Aramark supervisor why he was not receiving minimum wage, and was told Aramark pays minimum wage to the EDCF/KDOC, who then pay "prison wages" to the inmates.

Plaintiff asserts that defendants' denial of minimum wages under the FLSA is without due process and in violation of the equal protection clause.  He also contends that defendants have "fixed the books" to indicate minimum wages are paid to inmates, and that he is being subjected to slave labor in violation of the 13th Amendment.  He further alleges Aramark "pays wages to inmates in revolving fund of KDOC/EDCF," and he has not consented to the "keeping" of his minimum wage pay.

Plaintiff argues his prison employment is within the purview of the FLSA because his employment records[3] are maintained by and in the sole possession of Aramark.  He further alleges Aramark has exclusive power to select, hire, fire, and supervise inmates; controls schedules, duties and conditions of employment; and determines rates and method of pay.

At this juncture, it appears that plaintiff has exhausted administrative remedies.  In January 2005 he filed a "grievance against" the "Aramark & KDOC & EDCF" for not providing minimum wage.  His grievance was denied by prison officials, and his

---

[3]    Inmate Payroll History records exhibited by plaintiff are KDOC documents.

4

appeals were denied by the Warden and the Secretary of Corrections.

Having thoroughly examined the complaint and attachments, the court finds this matter is subject to being dismissed. Defendants EDCF and the Kansas Department of Corrections are clearly subject to being dismissed sua sponte for the reason that the Department of Corrections and the prison facility are arms of the government, and neither is a "person" subject to suit under Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor agency of state is a "person" which can be sued under Section 1983); Davis v. Bruce, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed.Appx. 406, 408 (10th Cir. 2005).

The claims raised in the complaint are also subject to being dismissed on this initial screening. Plaintiff's claims are substantially similar to those determined by this court in Moore v. McKee, 2003 WL 22466160 (D. Kan., Sept. 5, 2003, unpublished)(copy attached). The plaintiff in Moore, an inmate at Lansing Correctional Facility, brought suit against two officers of Aramark, "the corporation which provides food services at the prison," alleging they violated the FLSA, "breached a contract, and violated his constitutional rights by failing to pay him minimum wage for his services." On defendants' motion to dismiss, the district court accepted

5

plaintiff's allegations as true that Aramark had contracted with KDOC to pay no less than minimum wage rates but to pay such wages to KDOC and not the individual inmates, and that plaintiff was being paid less than minimum wage for his work for Aramark. The court granted defendants' motion, holding that "plaintiff cannot maintain such a claim because inmates are not "employees" under the FLSA." Id. at *2, *citing* see Franks v. Okla. State Indust., 7 F.3d 971, 972-73 (10th Cir. 1994); see also Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)(inmate not employee under Title VII or ADEA because his relationship with Bureau of Prisons arises out of status as inmate, not an employee). The court reasoned that plaintiff "has not alleged a violation of his federal rights" as "the FLSA does not apply to inmates," and "the United States Constitution does not confer any rights for prisoners to receive certain wages." Moore, 2003 WL at *3, *citing* Robinson v. Cavanaugh, 20 F.3d 892, 894 (8th Cir. 1994)(no constitutional right to prison wages; any such wages are by grace of state). The court concluded that absent a violation of federal law, plaintiff could not maintain a Section 1983 claim.

Moreover, even though plaintiff asserts he has been deprived of equal protection, he alleges no facts whatsoever to support such a claim. Hall, 935 F.2d at 1110 (conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based).

Plaintiff is granted an opportunity to show cause why this action should not be dismissed for the reasons stated in <u>Moore</u> and herein.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's requests for appointment of counsel and class certification are denied, and his motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. 1915(b)(2) until plaintiff satisfies the $250.00 filing fee.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days to show cause why this complaint should not be dismissed for the reasons set forth in this order. Failure to file a timely response may result in dismissal of this action without further notice.

Copies of this order shall be transmitted to plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated this 29th day of July, 2005, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
