```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

LLOYD ADAMS,

                      Plaintiff,

    v.                           CASE NO. 05-3210-SAC

JOSEPH NEUBAUER, et al.,

                      Defendants.

### MEMORANDUM AND ORDER

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Plaintiff proceeds in forma pauperis[1]. Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

Plaintiff's claims are identical to those raised in <u>Lockett v. Neubauer</u>, 05-3209 (D.Kan. Dec. 28, 2005, unpublished). Upon initial examination of the complaints in

---

[1] Plaintiff is again advised he remains obligated to pay the balance of the statutory filing fee of $250.00 in this action through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2). The Finance Office of the facility where he is incarcerated has been directed to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

Lockett and this case, the court advised plaintiffs that their claims are substantially similar to those determined in this district in Moore v. McKee[2], 2003 WL 22466160 (D. Kan., Sept. 5, 2003, unpublished)(copy attached to show cause order). Plaintiff herein was granted time to show cause why this action should not be dismissed for the reasons stated in Moore and this court's show cause order. He filed Plaintiff's Response to Show Cause (Doc. 8). Having considered all the materials filed, the court finds as follows.

The complaint filed in this action and plaintiff's Response to this court's show cause order are identical, with the exception of the dates they began working for Aramark, to pleadings filed in Lockett. The court finds that plaintiff's claims in this case fail to state a claim and should be dismissed for the reasons stated in the Memorandum and Order filed in Lockett on December 28, 2005. The Memorandum and Order filed in Lockett on December 28, 2005, is hereby incorporated

---

[2] As stated in the show cause order, the plaintiff in Moore, a state prisoner, brought suit against two officers of Aramark, "the corporation which provides food services at the prison," alleging they violated the FLSA, "breached a contract, and violated his constitutional rights by failing to pay him minimum wage for his services." On defendants' motion to dismiss, the district court accepted plaintiff's allegations that Aramark had contracted with KDOC to pay no less than minimum wage but to pay such wages to KDOC and not the individual inmates, and that plaintiff was being paid less than minimum wage. The court granted defendants' motion, holding that "plaintiff cannot maintain such a claim because inmates are not 'employees' under the FLSA." Id. at *2, *citing* see Franks v. Okla. State Indust., 7 F.3d 971, 972-73 (10th Cir. 1994); *and* Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)(inmate not employee under Title VII or ADEA because his relationship with Bureau of Prisons arises out of status as inmate, not an employee).

into this Order.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief denied.

The Clerk is directed to attach a copy of the Memorandum and Order filed in <u>Lockett</u> on December 28, 2005 to this Order.

**IT IS SO ORDERED.**

Dated this 29th day of December, 2005, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge