IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYD ADAMS,

        Plaintiff,

  v.          CASE NO. 05-3210-SAC

JOSEPH NEUBAUER, et al.,

        Defendants.

**O R D E R**

This civil rights complaint filed by a prisoner under 42 U.S.C. 1983 was dismissed for failure to state a claim, and all relief was denied by Memorandum and Order dated December 29, 2005.

Plaintiff has filed a Notice of Appeal (Doc. 11) of the order dismissing the action, combined with a "Motion to Consolidate Appeals" (Doc. 12). He seeks to have his appeal consolidated with the appeals of two other, distinct cases, <u>Lockett v. Neubauer</u>, No. 05-3209 (D.Kan., Dec. 29, 2005) and <u>Thomas v. Neubauer</u>, No. 05-3208 (D. Kan., Dec. 29, 2005). He cites Tenth Circuit Rule 27.3(4) and "FRAP Rule 27(h)(7)." He incorrectly alleges "this action is one action with multiple plaintiffs and one defendant(s) . . . ."

Plaintiff has also filed a motion for leave to proceed in forma pauperis on appeal, which includes a request for

appointment of counsel (Doc. 13). He names the plaintiffs in the 3 separate cases in the caption of this motion. He includes a request that the "question(s)" be "certified for Writ of Certiorari with the U.S. Supreme Court." Plaintiff Adams attaches only his own inmate account statement in support of this motion.

This court denies plaintiff's motion to consolidate the appeal of his case with the appeals of the two other, separate cases for the reason that this court is not shown to have authority to order consolidation of separate cases on appeal. CTA10 Rule 27.3(A)(4), cited by plaintiff, gives authority to rule on a motion to consolidate to the Clerk of the Circuit Court, rather than the district court[1]. The other authority cited by plaintiff, FRAP 27(h)(7), does not exist. FRAP does not have a subdivision (h).

The court denies plaintiff's motion for appointment of counsel on appeal, finding that he has adequately presented his factual claims and legal arguments. A Petition for Writ of Certiorari is not to be filed in this court and is premature.

---

[1] Rule 3(b), FRAP, pertinently provides that when parties have filed separate timely notices of appeal, the "appeals may be joined or consolidated by the court of appeals." However, this Rule appears to apply to single actions appealed by multiple parties to that action. Under these different circumstances, the Advisory Committee Notes to the subdivision explain that "In consolidated appeals the separate appeals do not merge into one" and the "parties do not proceed as a single appellant." Court action is required to consolidate separate appeals, and that action must come from the Court of Appeals. See Rule 3(b), FRAP; CTA 10 Rule 27.3(A)(4).

Thus, "certification" is not ruled upon herein.

Under 28 U.S.C. 1915(b)(1), a prisoner filing an appeal in forma pauperis "shall be required to pay the full amount of a filing fee." Appellate filing fees are owed by plaintiff in the amount of $255. If leave to proceed in forma pauperis is granted, plaintiff is entitled to pay these fees over time by periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2)[2]. Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations[3], the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once his prior fee obligations have been satisfied, however, payment of the full appellate court filing fee in this matter is to be collected as provided under 28 U.S.C. 1915(b)(2).

IT IS THEREFORE ORDERED that plaintiff's Motion to Consolidate Appeals (Doc. 12) is denied, without prejudice, to his filing such a motion in the Court of Appeals; and that his

---

[2] 28 U.S.C. 1915(b)(2) provides: After payment of the initial partial fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

[3] Plaintiff has made periodic payments on the filing fees due in district court. However, there is an outstanding balance.

motion for appointment of counsel (Doc. 13) is denied.

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis (Doc. 13).

Copies of this order shall be mailed to plaintiff, to the Finance Officer where plaintiff is currently confined, and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2006, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge